# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIE SMITH,

    Plaintiff,

v.

NATIONWIDE COLLECTION AGENCIES, INC. d/b/a/ MONEY RECOVERY NATIONWIDE,

    Defendant.

Case No. 17-12493
Hon. Terrence G. Berg

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

On August 1, 2017, Plaintiff filed a three-count Complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 et seq. ("MCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 et seq. ("MOC"). ECF No. 1. Plaintiff now seeks partial summary judgment as to the claim under the FDCPA. ECF No. 15. The Court heard oral argument on the motion on February 4, 2019. The Court then ordered supplemental briefing, which Defendant filed on February 8, 2018, ECF No. 26,

1

and to which Plaintiff responded on February 11, 2018, ECF No. 27. For the following reasons, Plaintiff's Motion is **DENIED.**

## II. Background

In this case, Plaintiff alleges the she sent a letter to Defendant disputing three debts, but that Defendant then failed to report two of those debts as disputed, as required under the FDCPA. ECF No. 15 PageID.52.

Specifically, Plaintiff claims she mailed a letter to Defendant on or about April 21, 2017 disputing the three debts, accounts ending in 445, 446, and 374. ECF No. 15-2.[1] It is significant that Plaintiff does not attest in an affidavit or verified complaint that she sent the dispute letter, and that the copy of the letter itself, attached as an exhibit to Plaintiff's Motion, does not contain any indicia as to whether or when the letter was mailed. Moreover, the letter is addressed to Defendant at 801 South Waverly Road, Suite 100, Lansing, MI 48917, *id.*, while Defendant maintains that it has done business at 8155 Executive Court, Suite 10, in Lansing, MI. ECF No. 18-1 PageID.84.

On June 19, 2017 and July 17, 2017, Plaintiff ran her own credit reports and discovered that Defendant had marked only one of the three accounts as disputed. ECF No. 15 PageID.52.

---

[1] The dispute letter Plaintiff attaches to her motion also disputes three other accounts that are not at issue in this lawsuit.

Defendant argues that there is no evidence supporting Plaintiff's unsworn allegation that she sent the dispute letter attached to her motion. Defendant further contends that, even if Plaintiff did send the dispute letter, Defendant did not receive it—and there is no evidence to the contrary. ECF No. 18 PageID.78.

Parties agree that Plaintiff is a consumer protected by the FDCPA and that Defendant is a debt collector subject to the statutory requirements. *Id.* at PageID.53. Parties also agree that the disputed debt is a "debt" as defined by the FDPCA. *Id.* The parties only dispute whether Defendant violated the statute by failing to report two of the three debts as disputed.

The FDCPA prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Under the FDCPA, Defendant has an obligation to report as disputed any accounts which it knew or should have known Plaintiff disputed. While there is no definition in the FDCPA of "disputed," courts have interpreted that term in accordance with its ordinary meaning, holding that there is no specific language or form for disputing a debt pursuant to § 1692e(8). *See, e.g.*, *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## III. Standard of Review

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

As the moving party, the Plaintiff has the initial burden to show that there is an absence of evidence to support Defendant's case. *Selby v. Caruso*, 734 F.3d 554 (6th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552.

## IV. Analysis

In this case, the record reveals that there is a genuine issue of material fact—namely, whether Defendant received Plaintiff's dispute letter. The only indication that Plaintiff *sent* a dispute letter is the unsigned copy in the record. She has not provided any affidavit or verified complaint averring that she sent the letter, nor has she provided any documentary evidence that she placed the letter in the mail—such as a copy of a receipt for postage.

Plaintiff argues that because Defendant did mark one of the accounts as disputed, account 446, it must have received the dispute letter. But this inference is unjustified. There are many different ways in which a consumer can notify a debt collector that the consumer is disputing a debt. "Indeed, the 'knows or should know' standard of § 1692e(8) 'requires no notification by the consumer . . . and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how that knowledge is acquired.'" *Evans*, 889 F.3d at 347 (quoting *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998)).[2] The fact that Defendant marked

---

[2] Other sections of the FDCPA do require that a consumer dispute the debt in writing in order to trigger statutory protections. However, the Sixth Circuit Court of Appeals has not found that a consumer must put her dispute in writing to trigger protections under § 1692e(8). *See Jerman v. Carlisle*, 464 F. Supp. 2d 720, 724 (N.D. Ohio 2006) (citing *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1081–82 (9th Cir. 2005)). Indeed, such a reading would be contrary to the text of § 1692e(8), which is triggered based only on the knowledge of the debt collector, not the method by which it gained that knowledge.

5

one account as disputed cannot be taken as evidence that it received Plaintiff's April 21 letter without some degree of speculation. As this is Plaintiff's motion, the Court cannot speculate as to issues of fact that favor Plaintiff's position over Defendant's.

In addition, at oral argument, Defendant indicated that it had received an "e-OSCAR" report on January 26, 2017 that a credit reporting agency had marked the account ending in 446 as disputed on Plaintiff's credit report. The report indicated that the dispute notation was in response to a direct dispute—i.e., the consumer had reported the dispute directly to the credit reporting agency. In Defendant's supplemental brief, it explained that the e-OSCAR report it received on January 26, 2017 showed that Plaintiff had disputed account 446 directly with the credit reporting agency TransUnion, on the ground that the account had been included in a previous bankruptcy. ECF No. 26 PageID.109. Defendant goes on to say that it reported the dispute itself to Equifax, Experian, and TransUnion, the three major credit reporting agencies. *Id*. This is a plausible explanation for how one account out of three was noted as being in dispute, without Defendant ever receiving Plaintiff's dispute letter. Taking all reasonable inferences in Defendant's favor, the fact that the copy of the letter has the incorrect business address for Defendant along with the lack of evidence that the letter in the record was actually mailed raises an issue of fact.

The issue of fact is genuine and material because if Defendant did not receive Plaintiff's dispute letter, and did not have notice of the dispute by some other means, it did not violate the 15 U.S.C. § 1692e(8). The statute requires that Defendant report a debt as disputed if it knew or should have known that Plaintiff was disputing it. Without receiving a notice of dispute, Defendant could not have known Plaintiff disputed the debt. Therefore, summary judgment for Plaintiff is not appropriate.

## V.      Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

Dated: February 19, 2019    s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

7